
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 20 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUDY COLLIER HOLLIDAY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-056-A |
| | § | (NO. 4:17-CR-176-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Judy Collier Holliday ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the government's response, and pertinent parts of the record in Case No. 4:17-CR-176-A, styled "United States of America v. Ronnie Bernard Ellis, et al.," the court has concluded that the motion should be denied as to its second ground and that a hearing must be held as to the first ground.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On September 20, 2017, movant was named along with others in a one-count information charging her with conspiracy to possess with intent to distribute 50 grams or more of a mixture and

substance containing a detectable amount of methamphetamine, inviolation of 21 U.S.C. § 846. CR Doc.[1] 111.

On September 28, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 123. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 126. Movant and her attorney also signed a waiver of indictment. CR Doc. 125. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 300.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-176-A.

The probation officer prepared a PSR reflecting that movant's base offense level was 32. CR Doc. 153, ¶ 21. She received a two-level increase for importation of methamphetamine, id. ¶ 23, and a two-level increase for possession of a dangerous weapon, id., ¶ 22. Based on a total offense level of 36 and a criminal history category of VI, movant's guideline range was 324 to 405 months. Id. ¶ 83. Movant filed objections to the PSR, CR Doc. 234, and the probation officer prepared an addendum to the PSR. CR Doc. 182, and a second addendum to the PSR, CR Doc. 208.

On June 1, 2018, movant was sentenced to a term of imprisonment of 324 months. CR Doc. 232. Movant did not appeal.

II.

Grounds of the Motion

Movant urges two grounds in support of her motion, both based on ineffective assistance of counsel. First, she says that her attorney "failed to file a notice of appeal after sentencing when one was requested." Doc.[2] 1 at PageID[3] 4. Second, she alleges that her attorney "failed to challenge the quantity and purity of the stated drug." Id. at PageID 5.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system.

3

III.

## Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

4

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

5

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant's second ground is easily disposed of, as it is wholly conclusory and unsupported by any facts. Miller, 200 F.3d at 282; Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). The record supports the judgment imposed and movant has not made any attempt to overcome the presumption that she received effective assistance of counsel.

Movant's first ground will require a hearing, inasmuch as she claims that her attorney failed to file a notice of appeal when requested to do so. The court is signing a separate order in that regard.

V.

Order

The court ORDERS that the relief sought by the second ground of movant's motion under § 2255 be, and is hereby, denied.

SIGNED February 20, 2019.

_____
JOHN McBRYDE
United States District Judge